IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ENRIQUE MORENO,**

      **Petitioner,**

v.                                                                No. 2:22-cv-00683-KWR-JHR

**RICK MARTINEZ, in his official
capacity, and THE STATE OF
NEW MEXICO,**

      **Respondents.**

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION TO FIND
PETITIONER'S *BRADY* CLAIM IS UNEXHAUSTED [DOC. 4]**

THIS MATTER comes before the undersigned on Enrique Moreno's Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus [Doc. 4]. District Judge Kea W. Riggs referred this matter to me for proposed findings and a recommended disposition on August 4, 2023. [Doc. 9]. Respondents filed a response [Doc. 12] and Moreno replied. [Doc. 14]. The present issue is whether Moreno failed to exhaust the *Brady* claim in his § 2254 petition. Having reviewed the briefing, case record, and applicable law, I recommend the Court determine Moreno has not exhausted his *Brady* claim and order Moreno to choose whether to drop the claim voluntarily or have his petition dismissed without prejudice.

                                        **I.      PROCEDURAL BACKGROUND**

**A.      Moreno's Criminal Trial.**

On December 4, 2014, a New Mexico grand jury indicted Moreno on charges relating to the molestation and sexual assault of his minor step-granddaughter. [Doc. 12-1, at 1–2]. During trial the court excused two jurors. On the last day of trial, a third juror informed the court he discovered from his sister the night before that his whole family was familiar with the victim's

1

family to some extent. *Id.* at 78. Specifically, his sister made the victim a dress, his grand-niece knew the victim personally, and the grand-niece's father had given the victim's family a refrigerator. *Id.* However, the juror assured the court he did not personally know the victim or her family, did not discuss the facts of the case, did alert the court promptly, and could be "very bipartisan." *Id.* at 79. Moreno's counsel moved to excuse the juror, which the court denied. *Id.* at 80. The jury found Moreno guilty of criminal sexual penetration of a minor under thirteen, attempt to commit criminal sexual penetration in the first degree of a child under thirteen, and criminal sexual contact of a minor under the age of thirteen, but not guilty of intimidation of a witness. *Id.* at 32–35.

**B.     Moreno's Direct Appeal.**

Moreno appealed his convictions to the New Mexico Court of Appeals raising actual juror bias and insufficient evidence. *Id.* at 63–64. Moreno argued the trial court's questions to the juror were ambiguous and the juror's answers failed to establish impartiality. *Id.* at 83. And, because the prosecution's case heavily depended on the victim's uncorroborated testimony, the possibility of bias toward her may have swung the verdicts. *Id.* at 90–91. The court of appeals did not agree. *Id.* at 128. The unanimous panel reasoned that because mere familiarity between the juror's and victim's families could not prove implied bias, it could not prove actual bias. *Id.* at 124. The New Mexico Supreme Court denied Moreno's appeal. *Id.* at 156. Moreno did not file a petition for writ of certiorari to the United States Supreme Court on the issue.

**C.     Moreno's State Habeas Petitions.**

On January 8, 2021, Moreno filed a pro se habeas petition in New Mexico state court asserting multiple grounds for relief including ineffective assistance of trial counsel for failure to request, review, and present evidence in discovery. *Id.* at 176, 178, 195, 199, 200–02. The New

Mexico Public Defender's Office's habeas unit screened[1] Moreno's petition and recommended finding its claims meritless. *Id.* at 288–93. The state district court agreed, dismissing nearly all of Moreno's claims. *Id.* at 297–301. The district court ordered Moreno to supplement his remaining claims with more factual support within forty-five days. *Id.* at 301.

Moreno submitted his revised petition on August 18, 2021. *Id.* at 326. Moreno reasserted, among others, his claim of ineffective assistance of counsel for inadequate request, review, and use of discovery. *Id.* at 347, 356, 362. The revised petition included an affidavit from Anthony Unale, an individual whom Moreno claimed was available at trial to testify the third juror lied about the extent of his personal connections with the victim's family. *Id.* at 327, 396–97. The district court dismissed the amended petition with prejudice on September 10, 2021, for lack of factual support. *Id.* at 421. The court found Unale's affidavit unavailing because it only repeated information the trial court already knew when it allowed the third juror to remain on the jury. *Id.*

On October 12, 2021, Moreno filed a petition for writ of certiorari to the New Mexico Supreme Court. *Id.* at 422. The petition included a claim that the prosecution withheld material exculpatory evidence in violation of due process under *Brady v. Maryland*. *Id.* at 427. The New Mexico Supreme Court denied the petition on September 7, 2022. *Id.* at 524. Moreno did not file a petition for writ of certiorari to the United States Supreme Court.

D.   **Moreno's § 2254 Petition.**

Moreno filed his original § 2254 petition on September 15, 2022 [Doc. 1] and an amended petition on November 28, 2022, which included his *Brady* claim. [Doc. 4, at 38]. Per court order,

---

[1] "For petitions not filed by an attorney, within forty-five (45) days of the file-stamp date on the petition, the public defender department may file a statement recommending that the court order a revised petition under Subparagraph (I)(2)(a) of this rule or indicating whether the petition is a proceeding that a reasonable person of adequate means would be willing to bring at a person's own expense and provide sufficient detail for further judicial review of the public defender's assessment." Rule 5-802(H)(I).

3

Respondents responded to the amended petition on September 18, 2024, raising an exhaustion defense against the *Brady* claim. [Doc. 12].

## II. BRIEFING SUMMARY

Respondents argue Moreno may not raise his *Brady* claim due to his failure to assert the claim prior to his petition for writ of certiorari on collateral review. *Id.* at 4–5, 9. As a result, the Court must either dismiss the petition and allow Moreno to return to state court to raise his *Brady* claim, stay the petition and hold it in abeyance until Moreno exhausts the claim in state court, allow Moreno to drop the *Brady* claim, or dismiss the entire petition as meritless. *Id.* at 10. Of these options, Respondents argue for allowing Moreno to drop the claim. *Id.* at 11.

Moreno replies that he exhausted the *Brady* issue with his ineffective assistance of counsel claim on collateral review. [Doc. 14, at 2]. His state petitions asserted that his trial attorney, having "fail[ed] multiple times to obtain needed, and requested timely provided discovery, and not having received it from the [S]tate . . . became a product of ineffective assistance of counsel." *Id.* at 3. Therefore, Moreno argues the *Brady* challenge is the same claim "just developed differently in presentation." *Id.* at 4. As support, Moreno points to various mentions of due process, *Brady*, and exculpatory discovery in his state petitions. *Id.* at 6–8. Alternatively, Moreno argues his assertion of *Brady* in his petition for writ of certiorari to the New Mexico Supreme Court sufficed. *Id.* at 9.

## III. APPLICABLE LAW

### A. Exhaustion of Claims in § 2254 Petitions.

Federal courts may not consider any claim in a § 2254 petition that the petitioner did not first exhaust in state court. *Moore v. Schoeman*, 288 F.3d 1231, 1232 (10th Cir. 2002) (citing 28 U.S.C. § 2254(b)(1)(A)). Exhaustion requires giving the state courts a "fair opportunity" to consider a claim's substantive merit. *Grant v. Royal*, 886 F.3d 874, 890 (10th Cir. 2018) (citation

4

omitted). The petitioner must pursue the claim through "one complete round of the State's established appellate review process," but so long as the claim was properly presented the state courts need not have addressed it. *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)); *Fontenot v. Crow*, 4 F.4th 982, 1019 (10th Cir. 2021).

Exhaustion does not require precise citations, formal terms, or presentation of the claim in identical form to the petitioner's state filings. *Grant*, 886 F.3d at 890–91. Instead, the petitioner must have given the necessary facts, legal principles, and arguments for the claim such that the state courts could have identified and addressed them. *Id.* A petitioner may adjust his habeas claims or add "bits of evidence" for federal review so long as they are not presented in a "significantly different and stronger posture," either factually or legally. *Jones v. Hess*, 681 F.2d 688, 694 (10th Cir. 1982).

Failure to exhaust a claim in state court does not automatically foreclose federal review. *See Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994) (explaining exhaustion is a function of comity, not jurisdiction). As an affirmative defense exhaustion can be expressly waived by the State, but the State's failure to raise the defense does not prevent *sua sponte* consideration by the federal court. 28 U.S.C. § 2254(b)(3); *see United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008). In addition, a petitioner's claim may still be considered on the merits if he shows exhaustion would have been futile, either because a state corrective process is unavailable or circumstances render the process ineffective to protect the petitioner's rights. *Selsor*, 644 F.3d at 1026 (citing 28 U.S.C. § 2254(b)(1)(B)).

**B.**     **Procedural Default of Unexhausted Claims.**

5

An unexhausted claim defaults if it would suffer a waiver on procedural grounds upon the petitioner's return to state court.[2] *Tryon v. Quick*, 81 F.4th 1110, 1139 (10th Cir. 2023). The waiver must rely on independent and adequate state grounds, meaning the waiver must be based in state law and "firmly established and regularly followed." *Id.* (quoting *Walker v. Martin*, 562 U.S. 307, 316 (2011)). If an unexhausted claim is procedurally defaulted, the federal court may waive the claim without considering its merits and proceed to the § 2254 petition's remaining claims. *Grant*, 886 F.3d at 892.

However, federal courts may excuse default if the petitioner shows cause for his failure to exhaust the claim and prejudice from the claim's alleged violation of law. *Shinn v. Ramirez*, 596 U.S. 366, 379 (2022). Cause requires "some objective factor external to the defense" to have prevented the petitioner from raising the claim in compliance with state appellate and habeas procedure. *Davila v. Davis*, 582 U.S. 521, 528 (2017) (quotation omitted). If the petitioner can show cause, he must then show his claim can establish more than a possibility the error prejudiced his trial. *Shinn*, 596 U.S. at 379. The alleged violation must have caused him such "actual and substantial disadvantage" that it mired the trial in "error of constitutional dimensions." *United States v. Snyder*, 871 F.3d 1122, 1128 (10th Cir. 2017) (quotation omitted). If the petitioner cannot establish either cause or prejudice, the petitioner may still have the claim's merits considered if he shows default would be a fundamental miscarriage of justice. *Parkhurst v. Shillinger*, 128 F.3d 1366, 1372 (10th Cir. 1997). To do so, he must supplement his claim with "a colorable showing of factual innocence." *Id.* (quotation omitted).

**C.    Disposition of Unexhausted Claims in § 2254 Petitions.**

---

[2] Procedural default and futility blur together when petitioners argue a procedural bar upon their return to state court will make exhaustion effectively impossible. *E.g.*, *Harris v. Sharp*, 941 F.3d 962, 990 (10th Cir. 2019). In that context the focus turns to whether the petitioner inexcusably overlooked or forwent the unexhausted claim with the first state habeas petition. *Clayton v. Gibson*, 199 F.3d 1162, 1174 n.4 (10th Cir. 1999).

If a petitioner presents an unexhausted claim in his § 2254 petition, cannot demonstrate futility, but has not suffered procedural default, the court may (1) dismiss the petition without prejudice to allow the petitioner to return to state court or drop the unexhausted claim and refile; (2) stay the petition and hold it in abeyance while the petitioner returns to state court; (3) permit the petitioner to voluntarily drop the unexhausted claim; or (4) dismiss the entire petition with prejudice if all its claims are plainly meritless. *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009). Even if the petitioner submits a "mixed" petition where some of his claims are exhausted, the court must take one of these four actions. *Id.*

Generally, courts favor dismissal of the petition without prejudice. *Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997). To hold a case in abeyance requires the petitioner to demonstrate good cause for failing to exhaust the claim, the claim is not plainly meritless, and he did not engage in dilatory tactics. *Fairchild*, 579 F.3d at 1152–53 (citations omitted). But courts may allow the petitioner to voluntarily drop the unexhausted claim if dismissing the petition could impair the petitioner's right to seek federal relief for his exhausted claims. *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

## IV.    ANALYSIS

I recommend that the Court determine Moreno's *Brady* claim is unexhausted. I recommend the Court permit Moreno to voluntarily drop the claim and proceed on the remainder but, if he does not, dismiss the § 2254 petition without prejudice.

Moreno's state petitions reference *Brady* and its progeny, violations of due process, prosecutorial misconduct, and his right to prepare a defense. *E.g.*, [Doc. 12-1, at 168, 175, 209, 328]. But exhaustion is not satisfied by stating broadly applicable law; Moreno must have made a clear and specific *Brady* argument based on its relevant legal principles and all necessary facts.

*Grant*, 886 F.3d at 890–91. Moreno's direct appeal and state petitions did not raise the State's duty to disclose material exculpatory evidence. *See United States v. Agurs*, 427 U.S. 97, 103 (1976); [Doc. 12-1, at 166–225, 326–68].[3] In addition, Moreno's appeal and petitions never alleged that the prosecution withheld material exculpatory evidence, what the evidence would have been, or the effect it would have had on Moreno's trial.

Interpreting his state petitions as liberally as permissible,[4] Moreno implies his trial counsel did not obtain exculpatory evidence possessed by the State because she failed to compel more discovery. [Doc. 12-1, at 200, 299, 362]. But Moreno also repeatedly asserted exculpatory evidence was in the State's disclosures but trial counsel failed to request, review, and use it. *Id.* at 170, 178, 195, 205, 349, 356, 364. Moreno made these assertions in the context of his trial counsel failing to prepare an adequate defense despite available evidence and witnesses. *Id.* at 178, 345. Thus, Moreno now makes a material change to this habeas claim by asserting the prosecution made exculpatory evidence *unavailable* through suppression or impermissible delay.

Exhaustion also requires the petitioner to have presented the claim in accordance with state procedure, which Moreno did not. *See Prendergast v. Clements*, 699 F.3d 1182, 1185 (10th Cir. 2012) (petitioner could not exhaust claim by first raising it in reply brief). Raising the *Brady* claim in the petition for writ of certiorari to the New Mexico Supreme Court on collateral review does not suffice. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). And Moreno never raised *Brady* or otherwise asserted exculpatory evidence was withheld or delayed on direct appeal. *See State v. Cain*, 2019-NMCA-059, ¶ 28, 450 P.3d 452, 461. Moreno cites *Odem v. Hopkins*, arguing that his

---

[3] In his reply, Moreno cites to his original state petition's reference to his right to "have compulsory process for obtaining witnesses." [Doc. 14, at 7]. But that right concerns a defendant's ability to present testimony at trial under the Sixth Amendment, not the State's duty to disclose material exculpatory evidence. *Taylor v. Illinois*, 484 U.S. 400, 408 (1988). *Brady* located its rule in the due process clauses of the Fifth and Fourteenth Amendments. *Brady v. Maryland*, 373 U.S. 83, 86 (1963).

[4] *See Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (courts must construe pro se habeas petitions liberally but may not consider arguments never presented).

*Brady* claim was exhausted by raising it within his ineffective assistance claim on collateral review. [Doc. 14, at 12]. But *Odem* is nonbinding and distinguishable. *Odem*, 192 F.3d 772 (8th Cir. 1999). In that case, the petitioner expressly alleged the prosecution violated *Brady* within the ineffective assistance claim, named what material exculpatory evidence was withheld, and explained the significance the evidence would have had at trial. *Id.* at 775 n.2. None of those specifics were in Moreno's state petitions.

For these reasons, I recommend finding Moreno did not exhaust his *Brady* claim. I also recommend finding that Moreno has failed to demonstrate futility. *Selsor*, 644 F.3d at 1026 (burden to prove futility on petitioner). I find no support or discussion in his state petitions, § 2254 petition, or reply suggesting Moreno could not have presented his *Brady* challenge on direct appeal or collateral review. However, I recommend the Court not find Moreno procedurally defaulted on the claim because Respondents did not raise the defense.[5] *Tryon*, 81 F.4th at 1139.

Turning to resolution of the *Brady* claim, I recommend the Court permit Moreno to voluntarily drop the claim. Allowing a petitioner to drop an unexhausted claim is proper where staying and holding in abeyance is unavailable but dismissing the entire petition would risk triggering the one-year statute of limitations under 28 U.S.C. § 2244(d). *See Rhines*, 544 U.S. at 278. Moreno declined to argue for staying and holding in abeyance. [Doc. 14, at 13]. Moreno has proceeded in federal court for nearly three years, a subsequent § 2254 petition will not relate back to his first petition, and § 2244 does not allow tolling for that period. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001). The time Moreno

---

[5] To the extent the Court would consider procedural default *sua sponte*, *White v. Medina*, 464 F. App'x 715, 720 (10th Cir. 2012), the interests of comity typically favor giving state courts an opportunity to hear an unexhausted claim. *See Dixon v. Hatch*, No. 13-cv-00148, 2013 WL 12329841, at *3 (D.N.M. July 1, 2013) (report and recommendation) (unexhausted claim was not defaulted where New Mexico lacks statute of limitations for habeas petitions and preclusion under Rule 5-802(I) NMRA was not certain).

has spent in federal court will also not support equitable tolling on its own. *Vasquez v. Watkins*, 206 F. App'x 788, 791 (10th Cir. 2006). Thus, voluntarily dropping the *Brady* claim is Moreno's best opportunity to ensure he receives federal review of his remaining claims.

## V. CONCLUSION

I recommend that the Court find Moreno has not exhausted his *Brady* claim in his § 2254 petition, permit Moreno to voluntarily drop the claim, and warn that if he does not the Court will dismiss his petition without prejudice and Moreno will assume the risk of any subsequent § 2254 petition being time barred. *See Bates v. Arellano*, 334 F. App'x 893, 895 (10th Cir. 2009). If Moreno drops the *Brady* claim, I recommend the Court order Respondents to file a response on the merits of his remaining claims and permit Moreno to file a reply. If Moreno does not drop the *Brady* claim, I recommend the Court dismiss his § 2254 petition without prejudice.

_____
Hon. Jerry H. Ritter
United States Magistrate Judge

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of the Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of these proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**